**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RUTHANN CORBIN,                          :
                                         :
          Plaintiff,                     :
                                         :
     v.                                  :  Civil Action No. 04-0715 (JR)
                                         :
UNITED STATES OF AMERICA, *et*           :
*al.*,                                   :
                                         :
          Defendants.                    :

**MEMORANDUM**

          This action seeks redress for plaintiff's alleged
mistreatment by an employee of the Equal Employment Opportunity
Commission.  Ruthann Corbin's claim is that, in the course of
making a charge of employment discrimination against a former
employer (United Airlines, is not a party to this action), she
was sexually harassed and otherwise injured by defendant Val
Lawrence Schlom, who was an EEOC investigator.  All the specifics
we need to know are set forth in the margin.[1]  Plaintiff sues
under the Federal Tort Claims Act and invokes both "arising

_____

          [1]  "[w]hen she went to the office of an EEOC investigator in
Washington, D.C., to explain her employment discrimination claim
against United Airlines, the investigator made sexual advances
and demands upon her. . . .  [A]t a later date, the investigator
went to her apartment and again made a sexual advance.  Finally,
the plaintiff . . . made a sort of bargain with the investigator
that she would have sex with him if he advanced her case at the
EEOC and then, rather than go through with the bargain, left him
in a hotel room and put her attorney in direct telephone contact
with him in order to set up proof of her claim."  Civil Action
No. 03-0768, Dkt. 14 at 1.

under" and diversity jurisdiction, although, as to defendant Schlom, it now clearly appears that there is no diversity, since Schlom and the plaintiff are both residents of the Commonwealth of Virginia.  Dkt #1 at ¶ 4; Dkt #13-5.

Plaintiff's first complaint was dismissed August 25, 2003, for lack of jurisdiction and failure to state a claim (Civil Action No. 03-0768, Dkt. ## 14, 15).  Her claim under the D.C. Human Rights Act was barred by the doctrine of sovereign immunity; she had failed to file her Federal Tort Claims Act claims administratively; and she could not bring Title VII claims of sexual harassment and retaliation because she was neither a federal employee nor an applicant for federal employment.

Plaintiff has now satisfied the jurisdictional requirements for filing an FTCA complaint in district court.  The conduct of which she complains was outrageous.  For the reasons set forth below, however, none of her claims against the government or government employees in their official capacities is actionable.  Moreover, plaintiff's claims against Schlom in his individual capacity assert no federal cause of action, and this Court lacks diversity jurisdiction to hear common law claims against him.

Counts 1 and 2 assert sexual harassment and retaliation, respectively, in violation of 28 U.S.C. §§ 2671-2680.  The citations are to the Federal Tort Claims Act.

Plaintiff has been at considerable pains in her second complaint not to characterize the harassment of which she complains as arising from, or related to, assault and battery, because "[a]ny claim arising out of assault [or] battery" is expressly excluded from the Federal Tort Claims Act.  28 U.S.C. § 2680(h).  She cannot re-write the history of her claim, however.  Her first complaint alleged that, "on or about December 3, 2001, April 5, 2002, and April 30, 2002 [the same dates on which her current complaint focuses, see Dkt. #1 at ¶¶ 15-23, 29, 35-39] Defendant Val Schlom committed assault and battery against Plaintiff Corbin by inappropriately, intentionally and purposely rubbing her hands, pulling and physically embracing her, touching and massaging her back, and attempting to kiss her against her wishes and without her authorization, and placing her in imminent fear of bodily injury."  Civil Action No. 03-0768, Dkt. #1 at ¶ 94.  Before filing that complaint, plaintiff complained to the EEOC that she had been "assaulted and intimated [sic]."  She has omitted these details from her complaint in the present case but her artful pleading avails her nothing, because the "arising out of" language of § 2680(h) requires examination of "the actual conduct upon which plaintiff . . . bases [her] claim."  Koch v. United States, 209 F. Supp.2d 89, 94 (D.D.C. 2002), aff'd summarily, No. 02-5222, 2002 WL 312926832 (D.C. Cir. Dec. 31, 2002).  Plaintiff cannot successfully un-mention the rubbing,

pulling, embracing, touching, massaging, and attempted kissing that she has previously alleged were parts of the very same incidents she now complains of.  The harassment claim clearly "arises out of" the assault and battery of which plaintiff has complained in the past, and the retaliation claim arises from the harassment claim.  Both are excluded under 28 U.S.C. § 2680(h).

The government also argues that sexual harassment is not a tort in the District of Columbia and therefore not <u>included</u> in the FTCA's waiver of sovereign immunity.  <u>See</u> 28 U.S.C. §1346(b)(1).  This is a complex argument that is difficult to articulate without suggesting that sexual harassment is perfectly lawful in the District, and it is, I believe, unnecessary to my ruling.

<u>Counts 3 and 4</u> make the same claims of sexual harassment and retaliation as Counts 1 and 2, but under the rubric of the D.C. Human Rights Act, D.C. Code § 2-1402.  These counts will be dismissed for two reasons.  First, as the government contends, they are precluded by the doctrine of res judicata because they are the same claims that were dismissed in Civil Action No. 03-0768 after plaintiff made no attempt to challenge the government's motion to dismiss them on sovereign immunity grounds.  Second, even if such a dismissal does not operate as a final judgment on the merits, plaintiff's claims simply do not fit under the DCHRA, which deals with employment

- 4 -

and employers, housing, public accommodations, and education.
Nor does plaintiff succeed in her attempt to establish, with
citations to the purported legislative history of the DCHRA and
to Howard University v. Best, 484 A.2d 958 (D.C. 1984), that her
DCHRA claims are actionable under the FTCA because "the D.C.
Human Rights Act and case law make sexual harassment and
retaliation actionable torts under District of Columbia law."
Dkt. 8-2 at 7.

        Counts 5 and 6 re-package the same allegations charged
in Counts 1 through 4.  There they were sexual harassment and
retaliation; here they are intentional infliction of emotional
distress and negligent infliction of emotional distress.  They
will be dismissed as to the government defendants because,
whatever legal label is affixed to them, they are claims "arising
out of" the conduct that plaintiff herself has called assault and
battery.  Plaintiff argues that IIED claims are not excluded "as
a matter of law" from the FTCA, Dkt. # 8-2 at 10, citing only a
Ninth Circuit case, Sheehan v. United States, 896 F.2d 1168
(1990), but the panel in that case observed, just as I have held
supra, that "[t]he issue in this case is whether the conduct upon
which plaintiff rests her claim for intentional infliction of
emotional distress constitutes an assault as that tort is
traditionally defined.  If it does, then the claim is barred by

2680(h) because Congress excluded governmental liability for assaults committed by government employees." Id. at 1171.

Plaintiff's claim for negligent infliction of emotional distress does not state a claim for which relief can be granted under District of Columbia law. This claim apparently is not made against Schlom, see Dkt. #1 at ¶ 79 (although its heading mentions "all defendants," apparently as something of an afterthought). The gist of it is that the EEOC, its director, and the director and acting director of the Washington Field Office, all knew or should have known of plaintiff's distress and failed to correct the situation. Plaintiff has neither pleaded nor otherwise shown that she was "in the zone of physical danger and was caused by defendant's negligence to fear for . . . her own safety," as the cases require for a claim of negligent infliction of emotional distress. Brown v. Argenbright Sec., Inc., 782 A.2d 752 (D.C. 2002)(quoting Williams v. Baker, 572 A.2d 1062, 1967 (D.C. 1990)(en banc)). Her claim therefore does not come within the class of cases for which "a private person would be liable to the claimant under the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1), and is not a claim as to which the government has waived its sovereign immunity.[2]

---

[2] It is unnecessary for me to determine whether plaintiff has stated claims of intentional and/or negligent infliction of emotional distress at to Schlom, because, as noted earlier, this

Counts 7 and 8 assert two claims of negligent supervision.  These claims are not actionable under the FTCA for a number of reasons.  They "arise from" plaintiff's claims of assault and battery; the claimed failure to investigate and respond to plaintiff's complaint and to provide supporting medical and mental health services, see Dkt. #1 at ¶ 80, does not describe "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. 1346(b)(1); and the decisions to investigate or not, provide support or not, etc., were in any event "discretionary functions," 28 U.S.C. § 2680(a), as to which this Court lacks subject matter jurisdiction.  Sloan v. HUD, 236 F.3d 756, 765 (D.C. Cir. 2001).

There remains only the matter of Schlom's default, Dkt # 14, and plaintiff's motion for default judgment as to him, Dkt. #15.  The government is correct, that plaintiff cannot bring the same claims under the FTCA and against Schlom, see 28 U.S.C. § 2679.  But the government has neither undertaken his defense pursuant to 28 U.S.C. § 2679(b) nor certified pursuant to 28 U.S.C. § 2679(d)(1) that he was acting within the scope of his employment.  Schlom may yet be compelled to answer (or, if he does not answer, pay) for his alleged misdeeds, but plaintiff has

---

Court lacks jurisdiction of such claims.

not pleaded a federal cause of action against him in his individual capacity, and, because there is no diversity as between him and the plaintiff, the nonfederal claims must be dismissed for lack of subject matter jurisdiction.

An appropriate order accompanies this memorandum.


JAMES ROBERTSON
United States District Judge